# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS
CWALT, INC., ALTERNATIVE LOAN
TRUST 2006-2CB, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-2CB,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC.;
YAJUN CHEN; COUNTRYSIDE
HOMEOWNERS ASSOCIATION; AND
NEVADA ASSOCIATION SERVICES,
INC.,
Respondents.

No. 74162

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court erroneously granted summary judgment for respondent Premier One Holdings, as appellant's agent tendered $603 to respondent Nevada Association Services (NAS), which undisputedly exceeded 9 months of assessments. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19 - 13905

as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments").[2] The tender of the defaulted superpriority portion of respondent Countryside Homeowners' Association's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Premier One contends that NAS had a good-faith basis for rejecting the tender—it was unaware what the $603 payment was for, as that amount exceeded 9 months of assessments. But NAS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of Countryside's lien by operation of law. *Id.* at 120. Because the superpriority portion of Countryside's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.:

---

[2]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 27 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Premier One further contends that it is protected as a bona fide purchaser, but we recently rejected that argument. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 121. Accordingly, Premier One took title to the property subject to the first deed of trust.[3] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____*Pickering*_____, J.
Pickering

_____, J.                    _____, J.
Parraguirre                                  Cadish

cc:    Hon. Joseph Hardy, Jr., District Judge
       Janet Trost, Settlement Judge
       Ballard Spahr LLP/Las Vegas
       Morris Law Center
       Christopher V. Yergensen
       Lipson Neilson P.C.
       Eighth District Court Clerk

---

[3]In light of this disposition, appellant's claims against Countryside are moot, and we need not decide whether dismissal of those claims was improper.